IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy Case No. 23-10542-JCM |
| JAN AMBOYER WOOLISCROFT | : | |
| Debtor | : | Chapter 7 |
| | ; | |
| STEIDL & STEINBERG, P.C. | : | Related to Document No.: 98 |
| Movant | : | |
| | : | |
| Vs. | : | |
| | : | |
| JOSEPH B. SPERO, ESQUIRE, CHAPTER 7 | : | |
| BANKRUPTCY TRUSTEE | : | |
| Respondent | : | |

# ORDER

AND NOW, this 9th day of September, 2025, on consideration of the *Application for Final Compensation by Counsel for Debtor* (Doc.98) for the period of October 10, 2023 to June 26, 2025, the *Objection to the Application of Final Compensation by Counsel for Debtor* (Doc.108), the *Response to Objection* (Doc.109), and 11 U.S.C. § 330, the Court finds that a reduction in the amount of approved fees as administrative claims is warranted based upon the lack of benefit to the Estate for some of the services rendered. The Court questions the length of time, 15 months, that the Debtor's real estate sat on the market with no offers, and no apparent reasonable reduction in the asking price. It appears to the Court that Debtor, through counsel, may have improperly gamed the system by setting an unrealistic asking price for the real estate that was proposed to be sold through the Chapter 13 Plan. While this gamesmanship may have been beneficial to the Debtor, it did not benefit the Estate or the Estate's creditors, ultimately resulting in additional attorney services for which compensation is now being sought. Additionally, upon review of the Applicant's fee agreement with the Debtor, the Applicant agreed to charge over and above the $5,000 "no look fee" only if there were "unforeseen circumstances." The inability to sell the real estate, especially when it appears to have been over-priced, does overcome this requirement, and there does not appear to be any other services rendered that would justify an augmentation of the agreed upon no look fee. Therefore, it is hereby ORDERED, ADJUDGED and

DECREED that:

1. The Court allows and approves the following fees of the Applicant as ***administrative expenses*** to be paid at the time of final distribution:

   a. The balance of the Chapter 13 "no look fee" due and unpaid in the amount of $600.00 and

   b. The additional sum of $750.00, the fees related to the objection to claims that resulted in a benefit to the Estate.

2. The balance of the requested fees in the amount of $4,760 are allowed and approved as an ***unsecured claim***. While the Court believes that the services rendered either fail to benefit the Debtor's Estate and/or fail to rise to the level of "unforeseen circumstances" that would warrant a deviation from the "no look" fee as set forth in the Fee Agreement between the Debtor and Counsel, the Court is allowing this as an unsecured claim on recommendation of the Chapter 7 Trustee in his *Objection* (Doc.108).

3. The total amount of compensation, including the previously received retainer of $600.00 and $500.00 in no-look expenses, the no-look fee of $3,800 received through plan payments, and the amounts set forth in Paragraphs 1 and 2, above, amounts to $10,510 in fees and $500.00 in expenses.

4. The Trustee is directed to pay the outstanding amounts due as identified in Paragraphs 1 and 2, above, at the conclusion of the case to be set forth in the Trustee's Final Report and Proposed Distribution from the funds received by the Trustee.

5. This Court shall retain jurisdiction over all matters concerning this Order.

jlm
John C. Melaragno, Judge
United States Bankruptcy Court

SIGNED
9/9/25 4:07 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA