IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | CASE NO. 1:23-10542-JCM |
| JAN AMBOYER WOOLISCROFT | : | |
|    Debtor | : | CHAPTER 7 |
| | : | |
| | : | Document No.: |
| JOSEPH B. SPERO, Trustee | : | |
|    Movant | : | |
| | : | Related to Document No.: 112 |
|    vs. | : | |
| | : | |
| BOROUGH OF EDINBORO TAX | : | |
| COLLECTOR, CITIBANK SOUTH | : | |
| DAKOTA, N.A., COMMONWEALTH | : | |
| OF PENNSYLVANIA - PENNSYLVANIA | : | |
| DEPARTMENT OF REVENUE, | : | |
| ERIE COUNTY TAX CLAIM BUREAU, | : | |
| PNC BANK, N.A., VION HOLDINGS, | : | |
| LLC, LVNV FUNDING, LLC, | : | |
| DISCOVER BANK, and GOTHAM | : | |
| COLLECTION SERVICES, CORP. | : | |
|    Respondents | : | |

## ORDER CONFIRMING PRIVATE SALE OF
## REAL PROPERTY FREE AND DIVESTED OF LIENS

     *AND NOW*, this _____ day of **January, 2026**, on consideration of the ***Trustee's Motion for Private Sale of Real Property Free and Divested of Liens***, filed at Document No. 112, to Maggie Cross, 10212 Kimball Road, Wattsburg, Pennsylvania 16442 for $384,000.00, after hearing held in the Bankruptcy Courtroom, U.S. Courthouse, 17 South Park Row, Erie, Pennsylvania 16501, this date, the Court finds:

     (1)    That service of the *Notice of Hearing* and *Order* setting hearing on said *Motion* for Private Sale of Real Property Free and Divested of Liens of the above-named Respondents, was effected on the following secured creditors whose liens are recited in said *Motion* for private sale, viz:

| **DATE OF SERVICE** | **NAME OF LIENOR AND SECURITY** |
|---|---|
| November 7, 2025 | Borough of Edinboro Tax Collector |
| November 7, 2025 | Citibank South Dakota, N.A. |
| November 7, 2025 | Commonwealth of Pennsylvania, Department of Revenue |

| | |
|---|---|
| November 7, 2025 | Erie County Tax Claim Bureau |
| November 7, 2025 | PNC Bank, N.A. |
| November 7, 2025 | Vion Holdings, LLC/LVNV Funding, LLC |

(2) That Respondent, Gotham Collection Services Corp., by statement of its Counsel, Michael Jan Janin, Esquire, was aware of the Motion for Sale and Attorney Jan Janin appeared at the initial Hearing regarding the sale on December 4, 2025.

(3) That Respondent, Discover Bank, was notified of the Motion for Sale and continued Hearing of same by letters dated November 21, 2025 and December 3, 2025 and by email dated December 12, 2025 and acknowledged the correspondence and requested carve-out by letter to the Trustee/Attorney Pro Se dated December 30, 2025.

(4) That sufficient general notice of said hearing and sale, together with the confirmation hearing thereon, was given to the creditors and parties in interest by the moving party as shown by the Certificate of Service duly filed and that the named parties were duly served with the Motion.

(5) That said sale hearing was duly advertised on the Court's website pursuant to *W. PA LBR 6004* on November 7, 2025, in the Erie Times News on November 16, 2025 and in the Erie County Legal Journal on November 21, 2025, as shown by the Proof of Publications duly filed.

(6) That at the sale hearing the highest/best offer received was that of the above Purchaser and no objections to the sale were made which would result in cancellation of said sale.

(7) That the price of $384,000.00 offered by Maggie Cross was a full and fair price for the property in question.

(8) That the Purchaser has acted in good faith with respect to the within sale in accordance with *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143 (3d Cir. 1986).

(9) Once the Court announced to those in attendance at the sale hearing that it would accept the offer of the purchase by Maggie Cross, no one in attendance objected or offered a higher and/or better purchase price.

**NOW THEREFORE**, it is hereby **ORDERED, ADJUDGED AND DECREED** that the sale by Special Warranty deed of the real property described as 101 Beau Drive, Edinboro, Pennsylvania 16412 is hereby **CONFIRMED** to Maggie Cross, 10212 Kimball Road, Wattsburg, Pennsylvania 16442 for $384,000.00, free and divested of the above recited liens and claims, and, that the Movant/Plaintiff is authorized to make, execute and deliver to the Purchaser above named the necessary deed and/or other documents required to transfer title to the property purchased upon compliance with the terms of sale;

Case 23-10542-JCM    Doc 128    Filed 01/08/26    Entered 01/08/26 12:48:02    Desc Main
                          Document         Page 3 of 5

It is **FURTHER ORDERED**, that the above recited liens and claims, be, and they hereby are, transferred to the proceeds of sale, if and to the extent they may be determined to be valid liens against the sold property, that the within decreed sale shall be free, clear and divested of said liens and claims;

It is **FURTHER ORDERED**, that the following expenses/costs shall immediately be paid at the time of closing. *Failure of the Closing Agent to timely make and forward the disbursements required by this Order will subject the closing agent to monetary sanctions*, including among other things, a fine or the imposition of damages, after notice and hearing, for failure to comply with the above terms of this *Order*. Except as to the distribution specifically authorized herein, all remaining funds shall be held by Counsel for the Trustee pending further Order of this Court after notice and hearing.

a. Income Tax Liens to the Commonwealth of Pennsylvania, Department of Revenue in the approximate amount of $2,282.72 [30% of the amount shown on the claimant's provided lien statement ($7,609.07)];
b. Judgment Lien to Vion Holdings, LLC (LVNV Funding, LLC), in the approximate amount of $978.63 [30% of the amount of the recorded lien and filed Proof of Claim ($3,262.10)];
c. Judgment Lien to Citibank South Dakota, N.A. in the approximate amount of $2,272.59 [30% of the amount of the recorded lien ($10,470.36) less garnishment ($2,895.07)];
d. Judgement Lien to Gotham Collections Services Corp in the approximate amount of $18,734.29 [30% of the amount of the filed Proof of Claim ($62,447.64)];
e. Judgement Lien to Discover Bank in the approximate amount of $5,268.44 [30% of the amount of the recorded lien ($17,561.48)];
f. Mortgage payoff to PNC Bank, N.A. in the approximate amount of $260,034.69, plus continuing penalties and interest;
g. Delinquent 2023 and 2024 real estate taxes to Erie County Tax Claim Bureau in the approximate amount of $22,569.02, plus continuing penalties and interest;
h. Delinquent 2025 Township and County real estate taxes paid to the Edinboro Tax Collector (or the Erie County Tax Claim Bureau) in the approximate amount of $4,186.28, plus continuing penalties and interest;
i. Delinquent 2025/2026 School Taxes paid to the Edinboro Tax Collector (or the Erie County Tax Claim Bureau) in the approximate amount of $6,138.45(face plus 10% penalty), prorated at face amount to the date of closing (estimated to be $3,271.79);
j. Current real estate taxes (2026 Township and County) paid to the Edinboro Tax Collector in the approximate amount of $3,805.71, prorated to the date of closing (estimated to be $312.82);
k. Edinboro Water & Sewer Authority, estimated balance due through date of closing $400.00;

l. The costs of local newspaper advertising in the approximate amount of $190.84, to be reimbursed to the Attorney Pro Se at the closing;
m. The costs of legal journal advertising in the approximate amount of $118.75 to be reimbursed to the Attorney Pro Se at the closing;
n. The Court approved realtor commission in the amount of $23,040.00 (or 6% of the final approved sales price should a higher/better offer be made and accepted at the Sale hearing);
o. Present Owner Lien Search Fee in the amount of $145.75, to be reimbursed to the Attorney Pro Se at the closing;
p. Transfer taxes in the amount of $4,800.00, (or 1.25% of the sales price accepted at the hearing);
q. Sewer Inspection Fee of $50.00 to be reimbursed to Jennifer Funk at the time of the closing; and,
r. The balance of the funds, which is the remaining amount from the carve-outs from the following junior lien holders: Citibank, Commonwealth of Pennsylvania – Pennsylvania Department of Revenue, Discover Bank, Gotham Collection Services Corp., and Vion Holdings, LLC/LVNV Funding LLC, to be held by the Trustee until further Order of Count after notice and hearing for the benefit of the unsecured creditors and to pay administrative costs and expenses payable to "Joseph B. Spero, Trustee".

It is **FURTHER ORDERED** that the Debtor will be required to vacate the real estate known as 101 Beau Drive, Edinboro, Pennsylvania 16412, by December 18, 2025.

It is **FURTHER ORDERED** that the Respondents, Citibank South Dakota, N.A, Commonwealth of Pennsylvania – Pennsylvania Department of Revenue, Vion Holdings, LLC/LVNV Funding LLC, Discover Bank, and Gotham Collection Services Corp., have either all agreed or not objected to a carve-out to the Bankruptcy Estate from the sale of the subject real estate of seventy percent (70%) of the amount owed to them as set forth either in the Motion to Approve Private Sale, their filed Proof of Claim, the amount provided by their Counsel to the Trustee/Attorney Pro Se, or from their failure to respond to the Trustee/Attorney Pro Se's multiple correspondence.

It is **FURTHER ORDERED** that:

(1) ***Within seven (7) days of the date of this Order***, the Movant/Plaintiff shall serve a copy of the within *Order* on each Respondent/Defendant (i.e., each party against whom relief is sought) and its attorney of record, if any, upon any attorney or party who answered the Motion or appeared at the hearing, the attorney for the Debtor, the Closing Agent, the Purchaser, and the attorney for the Purchaser, if any, and file a certificate of service.

(2) ***Closing shall occur within thirty (30) days of this Order becoming final and non-appealable.***

(3) **_Within seven (7) days following the closing,_** the Movant/Plaintiff shall file a **_Report of Sale_** which shall include a copy of the HUD-1 or other Settlement Statement; and,

(4) This _Sale Confirmation Order_ survives any dismissal or conversion of the within case.

_____
John C. Melaragno, Judge
United States Bankruptcy Court for the
Western District of Pennsylvania